UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| GHG MANAGEMENT LLC D/B/A WINDY CITY CANNABIS AND D/B/A CURALEAF WEED STREET<br><br>**Petitioner,**<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>**Respondent.** | **CASE NO. 22-1312** |

## PETITIONER'S STATEMENT OF ISSUES

Petitioner GHG Management LLC d/b/a Windy City Cannabis d/b/a Curaleaf Weed Street ("Curaleaf" or the "Company") hereby submits its Statement of Issues pursuant to the Court's Order dated December 12, 2022:

1. Whether the National Labor Relations Board's ("Board" or "NLRB") April 21, 2022, Decision and Order, reported at 371 NLRB No. 93 ("Board's April Decision"), must be denied enforcement because it departed from controlling precedent under the National Labor Relations Act ("NLRA") and ignored substantial evidence in the record in issuing an order requiring Petitioner to recognize and bargain with the United Food & Commercial Workers Local 881 (the "Union") as exclusive representative of the petitioned-for employees despite the objectionable conduct and fundamentally unfair mechanics of the underlying mail ballot election.

2. Whether the Board erred in failing to hold that the accuracy and purpose of the mail ballot election was defeated by delays with the NLRB processing of ballots and extraordinary and arbitrary delays with the United States Postal Service which resulted in voter disenfranchisement that was outcome determinative such that the election results should be set aside.

3. Whether the Board erred in failing to hold that the Region and its Agents engaged in objectionable conduct that destroyed confidence in the Board's election process or could reasonably be interpreted as impairing the election standards the Board seeks to maintain, such that the election results should be set aside.

4. Whether the Board erred in failing to hold that the Region and its Agents engaged in objectionable conduct that destroyed the minimum laboratory conditions necessary for a free and fair election, such that the election results should be set aside.

5. Whether the Board's April Decision must be denied enforcement because it departed from controlling precedent and ignored substantial evidence in failing to conclude that the Region failed to enforce the election standards contained in its own Regulations and Casehandling Manual, such that the election results should be set aside.

6. Whether the Board's April Decision is supported by substantial evidence on the record considered as a whole.

7. Whether the Board erred in overruling Curaleaf's Objections to the election in Case No. 13-RC-271360.

8. Whether the Board should have set aside the election and declined to issue the Certification in light of Curaleaf's Objections to the election in Case No. 13-RC-184190.

9. Whether the Board's December 5, 2022, Decision and Order, reported at 372 NLRB No. 13 ("Board's December Decision"), must be denied enforcement because it departed from controlling precedent under the NLRA when it found that Curaleaf violated the NLRA by failing and refusing to recognize and bargain with the Union.

10. Whether the Board's December Decision must be denied enforcement because it departed from controlling precedent in this Court in issuing an affirmative bargaining order.

                                                Respectfully submitted,

                                                */s/ Maurice Baskin*
                                                Stefan Marculewicz
                                                LITTLER MENDELSON, P.C.
                                                815 Connecticut Ave., N.W., Ste 400
                                                Washington, D.C. 20036
                                                Telephone:  202-423-2415
                                                E-mail: mbaskin@littler.com
                                                smarculewicz@littler.com

                                                Jeffrey E. Dilger
                                                LITTLER MENDELSON, P.C.
                                                80 S. 8th St., Suite 1300

>Minneapolis, MN 55402
>Telephone: 612-313-7628
>Facsimile: 612-677-3818
>E-mail: jdilger@littler.com
>
>*Attorneys for Petitioner GHG Management LLC D/B/A Windy City Cannabis and D/B/A Curaleaf Weed Street*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Statement of Issues was electronically transmitted to the Court this 11th day of January, 2023, using the Court's ECF filing system, and was served on all counsel via electronic notice pursuant thereto.

>*/s/ Maurice Baskin*